# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| LISA SULKA, | ) |
|        Plaintiff, | ) |
| vs. | ) No.: 9:19-cv-01968-DCN |
| C.C. "SKIP" HOAGLAND, | ) **ORDER** |
|        Defendant. | ) |

The following matter comes before the court on plaintiff Lisa Sulka's ("Sulka") motion to remand, ECF No. 4. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This action arises out of allegedly defamatory statements made by defendant C.C. "Skip" Hoagland ("Hoagland") about Sulka, the mayor of Bluffton, South Carolina. On July 26, 2017, Sulka filed this defamation action in the Beaufort County Court of Common Pleas, alleging that Hoagland made a number of defamatory statements in emails he sent in October and December of 2015, as well as one in April of 2017. ECF No. 1-1.

Sulka's initial complaint named Hoagland as well as Domains New Media, LLC as defendants. Although Hoagland used the name Domains New Media, LLC when referring to his business, no company ever existed under that name. The LLC actually registered under Hoagland's name at the time of the complaint was domainsnewmedia.com, LLC. For the next sixteen months, the parties engaged in discovery. On November 26, 2018, Hoagland stated in a deposition that his LLC was "a

shell," that "it doesn't even exist . . . It never existed really." ECF No. 4-5, Hoagland Depo. 226:18–226:25. On April 11, 2019, Sulka filed a motion with the state court to amend her complaint and remove Domains New Media, LLC as a defendant. On June 17, 2019, the state court granted that motion. Hoagland filed a notice of removal with this court on July 13, 2019, ECF No. 1. On July 19, 2019, Sulka filed the instant motion to remand, ECF No. 4. Hoagland responded on August 2, 2019, ECF No. 5, and Sulka replied on August 8, 2019, ECF No. 6.

## II. STANDARD

Federal courts are of limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction. Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy

exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

### III. DISCUSSION

Sulka bases her motion to remand on two alternative theories: one, that Hoagland's removal is untimely and, two, that the court does not have jurisdiction over her claim because the parties are not diverse. Although Sulka relies on 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c)(1) for her untimeliness argument, the motion is more easily and accurately resolved under § 1446(b)(1). Sulka argues that Hoagland's removal is untimely because he failed to file his notice of removal within thirty days of the case becoming removable or within a year of the case's inception. Alternatively, Sulka argues that Hoagland was a citizen of South Carolina when the lawsuit was filed, and, thus, that the court does not have diversity jurisdiction over her claim. Hoagland contends that when the lawsuit was filed, he was a citizen of Florida. For the reasons discussed below, Hoagland cannot simultaneously contend that his removal is timely and that the parties are diverse. Because Hoagland's position is fatal to either one basis for removal or the other, this motion can be resolved without definitively determining either issue.

Before delving into Hoagland's predicament, it is worth discussing the effect of Sulka's mislabeling of Hoagland's LLC in her initial complaint. Sulka's initial complaint misnamed the LLC defendant, labeling it as Domains New Media, LLC, rather than its registered name, domainnewmedia.com, LLC. "It has long been the rule in this circuit that service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999). Further, "[t]he misnomer of a corporation in a notice,

summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled." United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947). Here, Sulka's mistake was clearly harmless. The name listed in the complaint was sufficiently similar to the LLC defendant's actual name; the sole owner of domainnewmedia.com, LLC was the only other defendant in the case; and, most importantly, the LLC defendant actually responded to the complaint despite the misnomer. Therefore, Sulka's misnaming of the LLC defendant in the complaint has no bearing on the instant motion.

The right of a defendant to remove a case to federal court is derived solely from 28 U.S.C. § 1441. A defendant can waive her right to remove by failing to comply with the removal procedures prescribed by 28 U.S.C. § 1446. A defendant seeking to remove a case must file her notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Where a case stated by the initial pleading is not removable, a notice of removal may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

For a case to be properly removed, the federal court must have original jurisdiction over it in the form of federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). For a federal court to have jurisdiction based on diversity of citizenship, all plaintiffs and defendants must be citizens of different states. 28 U.S.C. § 1332. For the

purposes of jurisdiction, a person is a citizen of the state in which she is domiciled. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017). A person's domicile is determined at the commencement of the lawsuit. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). A person has only one domicile for diversity purposes at a particular time, even though she may have several residences in different states. Commissioner of Internal Revenue v. Nubar, 185 F.2d 584, 587 (4th Cir. 1950).

In his notice of removal, Hoagland claims that, at the time the original complaint was filed, he was a citizen of the state of Florida. Simultaneously, he claims that his wholly owned LLC, Domains New Media, LLC, was a citizen of South Carolina because it was formed in South Carolina. Both cannot be true. It is well-settled that an LLC is a citizen of every state in which any of its members are domiciled, not in the state in which it was formed. Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). Therefore, at the time the complaint was filed, Hoagland and his LLC were citizens of the same state, whether that state was Florida or South Carolina. Hoagland cannot have it both ways.

If the court finds that Hoagland was a citizen of Florida, his removal fails as untimely under 28 U.S.C. § 1446(b)(1). Hoagland contends that his removal is timely under § 1446(b)(3) on the basis that the original action was not removable because domainsnewmedia.com, LLC, an originally joined defendant, was a South Carolina citizen. Discussed above, that assertion is incorrect. Sulka's initial complaint names Hoagland and domainsnewmedia.com, LLC as defendants.[1] Hoagland was the sole and founding member of domainsnewmedia.com, LLC. As such, if Hoagland was a Florida

---

[1] Although her complaint actually named the LLC defendant as Domains New Media, LLC, Sulka's mistake in this regard has no effect on the analysis here, as discussed above.

citizen at the initiation of the current action, so was domainsnewmedia.com, LLC. Thus, the case was clearly removable based on diversity jurisdiction at the action's commencement and Hoagland had thirty days from his receipt of the initial complaint to remove the action. Because he failed to do so, his removal is untimely.

Conversely, if the court finds that Hoagland and his LLC were citizens of South Carolina at the commencement of the lawsuit, the action is not removable for want of diversity jurisdiction. It is uncontested that Sulka is a South Carolina citizen. If Hoagland and his LLC were also South Carolina citizens, diversity would be destroyed. In short, neither Hoagland's South Carolina nor his Florida citizenship can get him into federal court.

Finally, in her reply to Hoagland's response to her motion to remand, Sulka requests an award for reasonable costs and expenses, including attorney's fees. "The American rule provides that each party bear the cost of its own attorney's fees unless a statute or agreement provides otherwise." In re Celotex Corp., 124 F.3d 619, 626–27 (4th Cir. 1997) (citing Key Tronic Corp. v. United States, 511 U.S. 809, 814–15 (1994)). Sulka has not cited a statute or contract under which she might be entitled to attorney's fees. Nor has Sulka provided the court with any other legal basis from which it might award attorney's fees. Moreover, Sulka requested attorney's fees for the first time in her reply to Hoagland's response to her motion to remand. Thus, an award of attorney's fees is not appropriate.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to remand.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**September 16, 2019
Charleston, South Carolina**